COPY

ORIGINAL FILED
07 JUN 25 AM 11: 33
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

ADR

Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**SOUTH MILL MUSHROOM SALES, INC., a Pennsylvania corporation,**

**Plaintiff,**

**vs.**

**SAR MARKETING, INC., a California corporation; GEORGE T. BULJAN, an individual; and HELEN J. BULJAN, an individual.**

**Defendants.**

**Case No.:** C 07 03311 JW RS

**CIVIL ACTION COMPLAINT**

For its Complaint, Plaintiff respectfully states as follows:

**THE PARTIES**

1. Plaintiff is South Mill Mushroom Sales, Inc. ("South Mill"), a Pennsylvania corporation with its principal place of business located at 649 West South St., Kennett Square, Pennsylvania.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

a) Sar Marketing, Inc. ("Sar Marketing"). Upon information and belief, Sar Marketing is a California corporation with its principal place of business located at

14510 Big Basin Way, #114, Saratoga, California.

b) George T. Buljan ("G. Buljan"). Upon information and belief, G. Buljan is the President of Sar Marketing, and, in that capacity, controlled or was in a position to control the assets of Sar Marketing. Upon information and belief, G. Buljan is a resident of Saratoga, California.

c) Helen J. Buljan ("H. Buljan"). Upon information and belief, H. Buljan is an officer of Sar Marketing, and, in that capacity, controlled or was in a position to control the assets of Sar Marketing. Upon information and belief, H. Buljan is a resident of Saratoga, California.

4. Sar Marketing, G. Buljan, and H. Buljan will be collectively referred to as the Defendants.

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(4) (the "PACA"), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

//

//

//

//

//

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT SAR MARKETING

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

*7 U.S.C. § §499e(c)(3) and (4)*

7. Plaintiff re-alleges paragraphs 1 through 6 as if stated herein.

8. At all times relevant to this action, Sar Marketing was a commission merchant, dealer or broker operating subject to the provisions of PACA.

9. On April 22, 2006 and April 24, 2006, Plaintiff sold to Sar Marketing in interstate commerce, and Sar Marketing purchased from Plaintiff, Produce in the total amount of $30,259.98.

10. Plaintiff delivered the Produce to Sar Marketing and Sar Marketing accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Sar Marketing's receipt of the Produce, Sar Marketing became trustee of the PACA trust for the benefit of Plaintiff in the amount of $30,259.98. The PACA trust consists of all Sar Marketing's Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

12. Plaintiff gave written notice of intent to preserve trust benefits to Sar Marketing in accordance with PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Sar Marketing.

13. Sar Marketing failed to pay for the Produce despite Plaintiff's

repeated demands.

14. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Sar Marketing's PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Sar Marketing with a valid PACA trust claim in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

**COUNT II**

**DEFENDANT SAR MARKETING**

**ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS**

***7 U.S.C. §499e(c)(5)***

16. Plaintiff re-alleges paragraphs 1 through 15 as if stated herein.

17. Sar Marketing is in possession, custody, and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Sar Marketing failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19. As a direct result of Sar Marketing's failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Sar Marketing to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT SAR MARKETING

## VIOLATION OF PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND

*7 U.S.C. §499b(4)*

21. Plaintiff re-alleges paragraphs 1 through 20 as if stated herein.

22. Sar Marketing received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Sar Marketing, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Sar Marketing has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

26. As a direct result of Sar Marketing's failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Sar Marketing to maintain PACA Trust Assets equal to the sum of $30,259.98, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing Sar Marketing to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Sar Marketing from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT SAR MARKETING

## VIOLATION OF PACA: FAILURE TO PAY PROMPTLY

## *7 U.S.C. §499b(4)*

28. Plaintiff re-alleges paragraphs 1 through 27 as if stated herein.

29. Sar Marketing received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Sar Marketing failed to pay these invoices within the payment terms.

32. As a direct result of Sar Marketing's failure to pay each invoice within terms, Plaintiff has incurred damages in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Sar Marketing to immediately pay Plaintiff the sum of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT SAR MARKETING

## BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33 as if stated herein.

35. Plaintiff and Sar Marketing entered into contracts under which Plaintiff agreed to sell the Produce and Sar Marketing agreed to purchase the Produce, each of which is described in paragraph 9.

36. Sar Marketing breached its contracts with Plaintiff by failing to

pay for each shipment of Produce.

37. As a direct result of Sar Marketing's breach of contract, Plaintiff has incurred damages in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Sar Marketing in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

**COUNT VI**

**PRINCIPALS - G. BULJAN AND H. BULJAN**

**BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

39. Plaintiff re-alleges paragraphs 1 through 38 as if stated herein.

40. At all times relevant to this action, G. Buljan and H. Buljan were officers, directors, shareholders or employees (the "Principals") of Sar Marketing.

41. As the Principals of Sar Marketing, Principals each had a duty to ensure that Sar Marketing fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. The Principals had full knowledge and responsibility for the handling of Sar Marketing's duties as trustee of the PACA trust.

43. The Principals controlled or had a duty to control Sar Marketing's operations and financial dealings, including those involving the PACA Trust Assets.

44. Sar Marketing breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became

due.

45. The Principals breached their respective fiduciary duties to direct Sar Marketing to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Sar Marketing.

46. As a direct result of the Principals' respective breaches of fiduciary duty, Plaintiff has incurred damages in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. The Principals are personally liable to Plaintiff for their respective breaches of their respective fiduciary duties in dissipating the PACA trust to the extent of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

**COUNT VII**

**PRINCIPALS – G. BULJAN AND H. BULJAN**

**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

49. Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50. Upon information and belief, Sar Marketing transferred PACA Trust Assets to the Principals.

51. These transfers of PACA Trust Assets were made in breach of the PACA trust.

52. The Principals continue to hold any and all PACA Trust Assets having come into their possession as trustees for Plaintiff's beneficial interest in the PACA trust.

53. As a direct result of the Principals' receipt and retention of PACA Trust Assets, Plaintiff has incurred damages in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $30,259.98, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Sar Marketing with a valid PACA trust claim in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees;

B) As to Count II, directing Sar Marketing to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees;

C) As to Count III, directing Sar Marketing to maintain PACA Trust Assets equal to the sum of $30,259.98, plus the claims of all other unpaid suppliers of Produce that properly preserved

their PACA Trust claims, enjoining Sar Marketing from dissipating PACA Trust Assets and directing Sar Marketing to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D) As to Count IV, directing Sar Marketing to immediately pay Plaintiff the sum of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees;

E) Enter Final Judgment in favor of Plaintiff and against Sar Marketing on Counts I through V, in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees;

F) As to Count VI, entering judgment in favor of Plaintiff and against the Principals -- jointly and severally -- in the amount of $30,259.98, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G) As to Count VII, requiring the Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $30,259.98, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

H) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

//

//

//

Respectfully submitted on this 22nd day of June, 2007.

MEUERS LAW FIRM, P.L.

By: ________________________________

Lawrence H. Meuers
(SBN: 197663)
Steven M. De Falco
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff